UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C17-1284JLR |
| Plaintiff, | ORDER |
| v. | |
| JOHN YIN, | |
| Defendant. | |
| T. ROWE PRICE, | |
| Garnishee. | |

## I. INTRODUCTION

Before the court is Defendant John Yin's request for a hearing regarding the United States's motion to issue a continuing garnishee order to Garnishee T. Rowe Price. (Request (Dkt. # 9-1).)[1] Mr. Yin challenges the United States's motion (Mot. (Dkt. # 7))

---

[1] Mr. Yin's request for a hearing is docketed as an exhibit to his then-counsel Kirk C. Davis's declaration. (*See* Davis Decl. (Dkt. # 9) ¶ 6.)

ORDER - 1

on the grounds that (1) he did not receive proper and timely service; and (2) the property held by T. Rowe Price is exempt as a protected retirement fund. (*See generally* Request.) Having considered the submissions of the parties and the relevant law, the court DENIES Mr. Yin's request (Dkt. # 9-1) and GRANTS the United States's motion (Dkt. # 7).

## II. BACKGROUND

On April 14, 2017, Mr. Yin was ordered to pay restitution on a criminal matter in the amount of $3,445,589.50. (Fernandez Decl. (Dkt. # 1-1) at 8-9); *see United States v. Yin*, No. CR16-0314RAJ (W.D. Wash. Apr. 14, 2017). The United States contends that as of July 24, 2017, the balance remains in full. (Mot. at 2.)

On June 20, 2017, the United States applied for an application for a writ of garnishment. (Appl. (Dkt. # 1).) The Honorable Judge Robert S. Lasnik issued a writ of continuing garnishment as to T. Rowe Price on June 21, 2017. (6/21/17 Order (Dkt. # 2).) The United States mailed notification of the garnishment proceeding to Mr. Yin on the same day. (Certificate of Service (Dkt. # 5).) T. Rowe Price filed an answer to the writ of garnishment on June 30, 2017, indicating that it had control, custody, and possession of an Individual Retirement Account ("IRA") with an approximate value of $149,117.63 belonging to Mr. Yin. (Answer (Dkt. # 6) at 6.) Mr. Yin did not file an objection or request for a hearing. (*See generally* Dkt.)

On August 7, 2017, the United States filed a motion for a continuing garnishment order directing T. Rowe Price to deposit the entire amount of non-exempt property from the IRA to the United States District Court, Western District of Washington to be

//

credited towards Mr. Yin's criminal restitution judgment. (Mot. at 2-3.) Mr. Yin requested a hearing on August 17, 2017. (*See* Request.)

### III. ANALYSIS

The United States argues that Mr. Yin's request for a hearing must be denied for two reasons, each of which independently warrants denial: (1) the request is untimely; and (2) a retirement fund is not exempt from collection. The court agrees and addresses each basis for denial in turn.

**A. Timeliness of Mr. Yin's Request**

A judgment debtor may contest garnishment proceedings by filing a request for a hearing under 28 U.S.C. § 3202(d) or an objection under 28 U.S.C. § 3205(c)(5). Both of these methods are subject to 20-day time limits. *See* 28 U.S.C. § 3202(d); 28 U.S.C. § 3205(c)(5). Section 3202 provides that a judgment debtor may request a hearing within 20 days after receiving notice of the initiation of garnishment proceedings. 28 U.S.C. § 3202(d). A judgment debtor can also file an objection to the garnishee's answer and request a hearing under 28 U.S.C. § 3205(c)(5) within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5).

Mr. Yin filed a request for a hearing on August 17, 2017 (*see* Request), 57 days after the United States mailed notice of the proceedings to Mr. Yin (*see* Certificate of Service) and 48 days after T. Rowe Price filed its answer (*see* Answer). Even considering the time it would have taken the notice and answer to reach Mr. Yin via the United States Postal Service, Mr. Yin filed his request well after the 20-day period during

//

which judgment debtors must file a written objection or request a hearing. *See* 28 U.S.C. §§ 3202(d), 3205(c)(5).[2]

Courts have declined to hear similar untimely requests or objections. For example, in *United States v. Skeins*, an incarcerated *pro se* defendant filed objections 11 months after the notice of proceedings was mailed and 10 months after the garnishee's answer was filed. No. C14-1457JLR, 2014 WL 5324880, at *2 (W.D. Wash. Oct. 17, 2014). Finding no excuse for the defendant's failure to comply with the statutory time limits, the court denied his submission as untimely. *Id.*; *see also United States v. Baldonado*, No. 2:05-CR-689 TS, 2010 WL 5252415, at *1 (D. Utah Dec. 16, 2010) (denying as untimely defendant's request for a hearing that "completely missed the 20-day period); *United States v. Reynolds*, No. CIVA 3:09-CV-2083-L, 2010 WL 1063430, at *1 (N.D. Tex. Mar. 19, 2010) (same).

Mr. Yin's only explanation for his delay is that he did not timely receive notice of the garnishment proceedings. (*See* Request at 1.) However, the United States filed a Certificate of Service that shows Mr. Yin was served by mail on June 21, 2017. (*See generally* Certificate of Service.) Such a "signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing

---

[2] Mr. Yin filed a motion for extension of time to respond to the garnishment that was delivered to prison authorities on August 16, 2017. (Mot. for Extension (Dkt. # 11) at 1.) The Honorable Judge Robert S. Lasnik granted this order on August 24, 2017. (8/24/17 Order (Dkt. # 12).) But even this motion for extension was untimely, as it was filed past the applicable 20 day deadline; thus, it could not have extended the 20 days Mr. Yin had to file his request for a hearing. Moreover, even if the extension somehow rendered Mr. Yin's request timely, the court finds his objections to be without merit. *See infra* § III.B.

evidence.'" *SEC v. Internet Solutions for Bus.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)). Mr. Yin presents no evidence to refute the United States's Certificate of Service, let alone "strong and convincing evidence." (*See generally* Request; Dkt.); *SEC*, 509 F.3d at 1166. Thus, the court will not excuse Mr. Yin's untimely request.

In sum, Mr. Yin did not timely submit his request for a hearing. Thus, regardless of whether Mr. Yin's submission is construed as a request for a hearing at the notice stage under 28 U.S.C. § 3202(d) or as an objection to T. Rowe Price's answer under 28 U.S.C. § 3205(c)(5), his submission is untimely and must be denied.

**B. Failure to State a Cognizable Objection**

Even if the court were to disregard the untimeliness of Mr. Yin's submission, the court would nevertheless deny the grounds on which he objects to the garnishment. Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two bases: (1) a valid exemption or (2) the government's failure to comply with the statutory requirements for the garnishment process. 28 U.S.C. § 3202(d); *see also United States v. Webb*, No. CR-10-1071-PHX-JAT (LOA), 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014). The judgment debtor has the burden of proving that a basis for relief from garnishment exists. 28 U.S.C. § 3205(c)(5).

Mr. Yin objects to the garnishment of his IRA on the ground that it is exempt as a "protected retirement fund," presumably under the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See* Request at 4.) The anti-alienation provision of ERISA states that benefits under a pension plan "may not be assigned or alienated." 29

U.S.C. § 1056(d)(1). But this protection does not extend to "an [IRA] or annuity described in section 408 of Title 26." *Id.* § 1051(6); *see Goldblatt v. FDIC*, 105 F.3d 1325, 1329 (9th Cir. 1997) ("29 U.S.C. § 1051(6) specifically exempts pension plans that qualify as IRAs . . . from ERISA's anti-alienation requirement."). Nor does ERISA shield property from the United States's authority to enforce a criminal restitution order. *See United States v. Novak*, 476 F.3d 1041, 1049 (9th Cir. 2007) (en banc) ("Congress intended to . . . allow the government to reach defendants' ERISA-covered retirement plan benefits when enforcing criminal restitution orders."). Thus, ERISA's anti-alienation provision does not protect Mr. Yin's IRA from collection.

Nor are the funds in Mr. Yin's IRA "earnings" protected by the Consumer Credit Protection Act's ("CCPA") 25-percent limit on wage garnishments. (*See* Request at 4.); 15 U.S.C. § 1673(a). Earnings subject to protection are defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). However, this definition of earnings is limited to "periodic payments of compensation and [does] not pertain to every asset that is traceable in some way to such compensation." *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974). Once earnings are deposited in another account that "has neither an element of periodicity nor the critical relationship to a person's subsistence that a paycheck does," it no longer retains its character as "earnings." *Usery v. First Nat. Bank of Ariz.*, 586 F.2d 107, 110 (9th Cir. 1978). In *Usery*, earnings that were deposited in the employee's bank account no longer qualified as "earnings" subject to the protections of the CCPA. *Id.*

Mr. Yin's IRA funds are in a similar position. Like a bank account, an IRA has neither an element of periodicity nor the critical relationship to a person's subsistence that a paycheck does. *See id.* Accordingly, the funds in Mr. Yin's IRA are likewise not "earnings" as protected by the CCPA.

In sum, due to the untimeliness of Mr. Yin's submission and his failure to state a cognizable objection, Mr. Yin is not entitled to any limitation on the garnishment of his IRA with T. Rowe Price.

## IV. CONCLUSION

Based on the foregoing, the court DENIES Mr. Yin's request for a hearing (Dkt. # 9-1) and GRANTS the United States's motion to issue a continuing garnishee order (Dkt. # 7).

Dated this 16 day of October, 2017.

JAMES L. ROBART
United States District Judge